Filed 4/6/15  P. v. Rubin CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065708 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF30064) |
| MARIO RUBIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In October 2013, Mario Rubin entered a guilty plea pursuant to *People* v. *West* (1970) 3 Cal.3d 595 to possessing controlled substances in prison (Pen. Code,[1] § 4573.6; count 3) and possessing drug paraphernalia in prison (§ 4573.6; count 4) and admitted two strikes (§ 667, subds. (b)-(i)). In February 2014, the court sentenced Rubin to four years in prison (twice the lower term) on count 3, to run consecutively to his current term, and a stayed (§ 654) term on count 4. Rubin appeals. We affirm.

## FACTUAL BACKGROUND

In November 2011, while Rubin was serving a prison sentence, correctional staff searched his cell. The search revealed two bindles containing heroin and marijuana, an inmate-manufactured tattoo gun and a hypodermic syringe.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions the following as possible but not arguable issues: (1) whether the court improperly considered Rubin's subsequent offense in declining to dismiss the strike; (2) whether the court erred by denying Rubin's request to dismiss the strike; and (3) whether the court should have awarded sentencing credits on the instant offenses.

---

[1] Further statutory references are to the Penal Code.

2

We granted Rubin permission to file a brief on his own behalf. He has not responded. A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Rubin has been competently represented by appellate counsel.

DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.

3